UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

RIKYRA PRINGLE,                                      **COMPLAINT**

                                     Plaintiff,      **JURY TRIAL DEMANDED**

                    -against-                         Case No.      1:23-cv-5116

THE CITY OF NEW YORK, NYPD POLICE OFFICER
JAMES J. CAMPIGLIA, Shield No. 21375, NYPD
POLICE OFFICER STEVEN R. CAMMAROTA, Shield
No. 15248, NYPD POLICE OFFICER GREGORY A.
VALENTIN, Shield No. 3572, NYPD POLICE OFFICER
SHAUN T. NOLA, Shield No. 20671, NYPD POLICE
OFFICER JOHN M. GARNETT, Shield No. 513, NYPD
POLICE OFFICERS JOHN AND JANE DOES
NUMBERS ONE THORUGH TEN,

                                     Defendants.
------------------------------------------------------------------------X

        Plaintiff, RIKYRA PRINGLE, by her attorneys, SHULMAN & HILL, PLLC as and for

her complaint, alleges upon information and belief as follows:

                        **PRELIMINARY STATEMENT**

        1.      This is a civil rights action to recover money damages arising out of

defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections

1983 and 1988, rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United

States Constitution, and the laws and Constitution of the State of New York.

        2.      This claim arises from a June 28, 2024, incident in which defendants, acting

under color of state law assaulted, used excessive force, falsely arrested, and maliciously

prosecuted Plaintiff in the vicinity of Richmond Terrace and Saber Street, in the County of

Richmond, State of New York.

                                    -1-

3.    Plaintiff's arrest and the charges subsequently brought against her were maliciously made and prosecuted by defendants through their intentional and knowing misrepresentation of incriminating but untruthful statements, and through their intentional and knowing withholding of truthful and exculpatory evidence, all concerning an incident on June 28, 2024.

4.    Defendants purposefully, negligently, and/or recklessly misrepresented and withheld evidence in order to arrest and charge Plaintiff with crimes she did not commit.

5.    Defendants subjected Plaintiff to grotesque excessive force, caused her to be held in jail, and caused her to appear in Criminal Court multiple times before the charges against her were dismissed.

6.    Plaintiff herein seeks redress for the constitutional and physical injuries inflected on her by defendants under color of law.

## JURISDICTION

7.    This action is brought in this Court pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

8.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4), this being an action seeking an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

9.    This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 under those claims that arise under the Constitution and Laws of the State of New York, as all of those claims derive from the same common nucleus of operative facts as Plaintiff's federal claims, as well they are part of the same case or controversy that gives rise to the federal claims and causes of action here.

10.    Plaintiff has complied with the requirements of New York General Municipal Law 50-i.

11.    Plaintiff served a Notice of Claim on the Municipal Defendant on July 16, 2024, within the time required by the General Municipal Law.

12.    More than 30 days have passed since the service of the Notice of Claim.

13.    On June 9, 2025, Plaintiff submitted to an examination pursuant to New York General Municipal Law 50-h.

## VENUE

14.    Venue is proper in the United Stated District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c), as a substantial part of the events giving rise to this claim occurred in this district.

## JURY DEMAND

15.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

16.    At all times relevant hereinafter mentioned, Plaintiff, Rikyra Pringle, was a resident of Richmond County, in the City and state of New York.

17.    At all times hereinafter mentioned, DEFENDANT, the CITY OF NEW YORK ("the City"), was a municipal corporation duly organized and existing under the laws of the State of New York.

18.    The City is authorized to maintain a police department, the New York City Police Department ("NYPD"), which is authorized to perform all functions of a police department per the applicable sections of the New York State Criminal Procedure Law.

19.     At all times hereinafter mentioned, Defendant NYPD Police Officer James J. Campiglia, Shield No. 21375, was a duly sworn police officer and an employee of the City and a member of the NYPD.

20.     Defendant, Officer Campiglia, is being sued in his individual and official capacities.

21.     At all times hereinafter mentioned, Defendant NYPD Police Officer Steven R. Cammarota, Shield No. 15248, was a duly sworn police officer and an employee of the City and a member of the NYPD.

22.     Defendant, Officer Cammarota, is being sued in his individual and official capacities.

23.     At all times hereinafter mentioned, Defendant NYPD Police Officer Gregory A. Valentin, Shield No. 3572, was a duly sworn police officer and an employee of the City and a member of the NYPD.

24.     Defendant, Officer Valentin, is being sued in his individual and official capacities.

25.     At all times hereinafter mentioned, Defendant NYPD Police Officer Shaun T. Nola, Shield No. 20671, was a duly sworn police officer and an employee of the City and a member of the NYPD.

26.     Defendant, Officer Nola, is being sued in his individual and official capacities.

27.     At all times hereinafter mentioned, Defendant NYPD Police Officer John M. Garnett, Shield No. 513, was a duly sworn police officer and an employee of the City and a member of the NYPD.

28.    Defendant, Officer Garnett, is being sued in his individual and official capacities.

29.    At all times relevant herein, defendants Campiglia, Cammarota, Valentin, Nola, and Garnett acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

30.    At all times relevant herein, defendants Campiglia, Cammarota, Valentin, Nola, and Garnett violated clearly established rights and standards under the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

31.    NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN, were, at all times relevant herein, employees of the City of New York and members of the NYPD, whose names are presently unknown to Plaintiff. The true names of these officers will be added, upon motion, when their identities are revealed through discovery.

32.    NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN are being sued in their individual and official capacities.

33.    At all times relevant herein, defendants NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

34.    At all times relevant herein, defendants NYPD POLICE OFFICERS JOHN AND JANE DOES NUMBERS ONE THROUGH TEN violated clearly established rights and

standards under the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

## **FACTUAL ALLEGATIONS TO ALL COUNTS**

35.     On June 28, 2024, at approximately 5:30 p.m., Plaintiff was lawfully present in the vicinity of Richmond Terrace and Saber Street, in the County of Richmond, State of New York, when the defendant officers unlawfully seized and subjected Plaintiff to grossly excessive force without probable cause or legal justification.

36.     Plaintiff was with her children at the above-mentioned location.

37.     The referenced location is a public pool known as the Faber Pool and Park.

38.     Plaintiff's children were attacked by unknown individuals.

39.     Plaintiff witnessed the ongoing assault on her children.

40.     She then went to the security office for assistance.

41.     Defendant Campiglia responded and followed Plaintiff up a set of 10-15 concrete steps to the location where Plaintiff's children were under attack.

42.     Defendant Campiglia did nothing to assist Plaintiff or her children, as bystanders were attacking them.

43.     Instead, he simply stood by without intervening

44.     Moments later defendant Campiglia, grabbed Plaintiff by both her sides and pushed her down the 10-15 concrete steps they had climbed moments before.

45.     Specifically, defendant Campiglia grabbed Plaintiff about her underarm area and using his hands and forcibly launched her forward, down the long concrete stairwell.

46.     Plaintiff, who went airborne for part of the journey to the bottom of the stairwell, landed on the last step and the concrete floor.

47.     Her arms, legs, back, and head struck the floor, while her head struck the edge of the final concrete stair.

48.     Plaintiff immediately suffered pain to her entire body.

49.     It was clear in this moment that Plaintiff had been seriously injured by defendant Campiglia's actions.

50.     Moreover, this horrific course of conduct was done in front of Plaintiff's children, who were forced to endure the sight of their mother being thrown down the steps.

51.     Upon information and belief, the incident was recorded by one of the bystanders to the incident.

52.     The video shows the described actions of defendant Campiglia.

53.     The video was published and circulated online.

54.     The caption to that video falsely claims that Plaintiff attempted to grab defendant Campiglia's service weapon.

55.     Upon information and belief, and as discussed herein, the only basis for this false caption was the defendant officers' false statements to the Richmond County District Attorney's Office.

56.     The false statements provided can be described as nothing other than malicious, self-serving, and means of self-preservation after defendant Campiglia knowingly assaulted Plaintiff in the absence of justification.

57.     After the above-mentioned conduct, defendant Campiglia did not render any first aid to the obviously injured and suffering Plaintiff.

58.     Instead, he forcefully placed her in unreasonably tight metal handcuffs behind her back causing further pain and injury.

59. Thereafter, other defendant officers arrived at the bottom of the steps and grabbed the handcuffed Plaintiff.

60. Rather than immediately transporting Plaintiff to a hospital for necessary medical attention, the defendant officers removed her to the 121 Precinct.

61. At the precinct, Plaintiff was searched, fingerprinted, and placed in a holding cell.

62. At no time was there any contraband found on Plaintiff's person, or within her custody or control.

63. Plaintiff was later transported from the 121 Precinct and taken to Richmond County Central Booking.

64. Plaintiff was placed in a cell at Central Booking where she was held prior to her arraignment.

65. On June 29, 2024, at her arraignment, a criminal complaint was filed against Plaintiff in the Criminal Court of the City of New York, Richmond County with eight charges.

66. Plaintiff was charged with the following Counts by that Criminal Court Complaint (1) Attempted Criminal Possession of a Weapon in the Second Degree, N.Y. Penal Law § 110-265.03[1]; (2) Obstruction of Governmental Administration in the Second Degree, N.Y. Penal Law § 195.05; (3) Attempted Criminal Possession of a Firearm, N.Y. Penal Law § 110-265.01; (4) Attempted Criminal Possession of a Weapon in the Fourth Degree, N.Y. Penal Law § 110-265.01; (5) Attempted Criminal Possession of a Weapon in the Fourth Degree, N.Y. Penal Law § 110-265.01; (6) Attempted Grand Larceny in the Fourth Degree, N.Y. Penal Law § 110-155.30; (7)

---

[1] The indication of 110 in front of a given charge denotes that the offense is an attempt under N.Y Criminal Procedure Law § 110.

Attempted Grand Larceny in the Fourth Degree, N.Y. Penal Law § 110-155.30; and (8) Resisting Arrest, N.Y. Penal Law § 205.30.

67.    The complaint stated that defendant Campiglia "was wearing his NYPD uniform and badge, as well as one (1) loaded black Glock handgun which was secured in a holder on his belt."

68.    In that complaint, Campiglia further states "that [Plaintiff] then attempted to steal said Glock, to use it unlawfully against said female, by placing her hand on said gun's handle and tugging."

69.    Defendant Campiglia presented false information to the prosecutor including the above made statements and that Plaintiff "kicked and flailed [her] limbs, in an attempt to avoid being placed under arrest for said conduct."

70.    Body-worn camera and bystander videos show that Plaintiff never reached for Campiglia's service weapon or resisted arrest.

71.    In fact, the video demonstrates that Plaintiff could not, and was in no position to actively resist arrest when ultimately placed in handcuffs after being pushed down 10-15 steps.

72.    Plaintiff was eventually arraigned on this felony complaint, pled not guilty, and was released on her own recognizance.

73.    The charges levied against Plaintiff were never presented to any Grand Jury.

74.    No indictment was ever procured or filed with the court against Plaintiff related to this incident.

75.    All of the criminal charges levied against Plaintiff were dismissed in their entirety in furtherance of justice on September 10, 2024.

76.     As a result of this incident, Plaintiff suffered from substantial injuries inclusive of, but not limited to, her neck, arms, legs, back, as well as emotional and psychological injuries.

77.     Since the incident, Plaintiff has experienced increased anxiety and depression.

78.     Some of the police officer defendants observed the violation of Plaintiff's rights under the constitution of the United States and New York State Law and did nothing to prevent their fellow officers from unjustifiably arresting, confining, and using excessive force against Plaintiff.

79.     The unlawful arrest, confinement, and use of excessive force by the individually named defendants caused Plaintiff to sustain physical, psychological, and emotional trauma.

## **DAMAGES**

80.     Plaintiff has been grievously injured.

81.     As a direct and proximate result of the acts of defendants, Plaintiff has suffered the following injuries and damages:

a)  Violations of her rights under the laws and Constitution of the State of New York;

b)  Violation of her rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their person;

c)  Violation of her rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

d) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

e) Substantial physical injury;

f) Loss of Liberty and Civil Rights.

## **CLAIMS FOR RELIEF**

### **FIRST CAUSE OF ACTION**
**Negligence**
***Against All Defendants***

82.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

83.     Defendants owed a duty of care to Plaintiff.

84.     To the extent defendants claim that the injury to Plaintiff by the defendant officers were unintentionally caused and that the force used by defendants against them was unintentional, then the defendants breached a duty of care by, among other things, throwing Plaintiff down 10-15 concrete steps causing serious and permanent injuries, and handcuffing her despite their obvious injuries.

85.     As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

86.     All of the foregoing occurred without any fault or provocation by Plaintiff.

87.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

88.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

89.     As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## SECOND CAUSE OF ACTION
### Assault
### *Against All Defendants*

90.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

91.     Defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent, and/or menacing act which threatened such contact to Plaintiff, that such acts caused apprehension of such contact in Plaintiff.

92.     As a direct and proximate result of such acts, defendants deprived plaintiff of her rights under the laws of the State of New York.

93.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

94.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

95.     As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

**THIRD CAUSE OF ACTION**
**Battery**
***Against All Defendants***

96.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

97.     Defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff when they, in a hostile and/or offensive manner, roughly grabbed Plaintiff, who was in need of protection, and pushed her down 10-15 concrete steps causing injuries to Plaintiff, before excessively and unreasonably tightly handcuffing her, and with the intention of causing harmful and/or offensive contact to Plaintiff and caused such batteries.

98.     As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

99.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

100.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

101.     As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

**FOURTH CAUSE OF ACTION**
**Unlawful Stop, Question, and Search**
***Against All Defendants***

102.     Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

-13-

103.    The illegal approach, pursuit, stop, and grab employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

104.    The conduct of defendants in approaching, stopping, and grabbing plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

105.    As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

106.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

107.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

108.    As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

### FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### *Against All Defendants*

109.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

110.    By the actions described herein, defendants, each acting individually and in concert with one another, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff.

111.    Specifically, forcing Plaintiffs children and members of the community to look on as Plaintiff suffered the extreme horrific assault, battery, and arrest of Plaintiff.

-14-

112.    Additionally, Plaintiff has been forced to relive the incident that she suffered at the hands of defendant officers by seeing the video that was captured by onlookers.

113.    The acts of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated plaintiff's statutory and common law rights as guaranteed Plaintiff by the laws and the constitution of the State of New York.

114.    As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

115.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

116.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

117.    As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## SIXTH CAUSE OF ACTION
**Negligent Hiring, Retention, Training, and Supervision**
***Against Defendant City***

118.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

119.    The City of New York and its employees, servants, and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

120.     Upon information and belief, the City of New York and its employees, servants, and/or agents acting within the scope of their employment did knowingly hire and appoint defendant officers to positions that they would be unqualified for.

121.     These actions are a matter of public record and have been the subject of both ongoing litigation in New York State Supreme Court and widespread media attention.

122.     Upon information and belief, the City of New York itself has deemed that certain induvial defendant officers were deemed unqualified to serve and that but for the actions of one of the City's agents would not have been hired.

123.     The City of New York is involved in ongoing litigation relating to the hiring and firing of these officers who have been found to be unfit for service.[2]

124.     The City, as discussed herein, failed to adequately train its employees, created a foreseeable risk of injury to civilians, which the city had an obligation to prevent through the assumption of risk incidental to maintaining a police department.

125.     The City, as discussed herein, further negligently retained unfit officers, supervisors, and commanding officers, who contributed to the patterns, policies, and practices that allowed for the injuries herein claimed to occur to Plaintiff.

126.     The dangerous propensities of the NYPD police officers, including those of the 121st precinct, created a risk that the City should have known would harm the public.

127.     The City was negligent in its supervision of the individual defendant officers, and the NYPD more broadly, as evidenced by the history of constitutional violations against civilians, including those involving excessive force.

128.     The City's negligence led to Plaintiffs injures  here within claimed.

---

[2] [2] *See* Police Benevolent Association of the City of New York, Inc. et al, v. City of New York et al., Index No. 158777/2025 (Sup. Ct. New York Cty. Argued July 15, 2025) .

129.    Plaintiff was injured in a manner utterly intolerable in a civilized society, that shocks the conscience to an astounding degree.

130.    Accordingly, defendants are also liable for punitive damages.

**SEVENTH CAUSE OF ACTION**
**Failure to Intervene**
*Against Individual Defendants*

131.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

132.    The defendants that did not physically touch plaintiff but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff, whose Constitutional Rights were being violated in their presence by other officers.

133.    Defendants failed to intervene to prevent the unlawful conduct described herein.

134.    As a result of the foregoing, plaintiff suffered serious, debilitating, and permanent physical, emotional, and psychological injury, their liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subject to other physical constraints.

135.    As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

136.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

137.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

138.    As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## EIGHTH CAUSE OF ACTION
**Violation of Article I, § 12 of the New York State Constitution**
***Against All Defendants***

139.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

140.    Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

i.      Freedom from unreasonable search and seizure of her person and property;
ii.     Freedom from arrest without probable cause;
iii.    Freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;
iv.     Freedom from the lodging of false charges against her by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and
v.      Freedom from deprivation of liberty without due process of law.

141.    As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical injury, economic and emotional injuries, as well as a deprivation of liberty.

142.    As a result of the above tortious conduct, Plaintiff were caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

143.    As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

144.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

145.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

146.    As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## NINTH CAUSE OF ACTION
### Individual Defendant officer's Violation of Plaintiff's AC 8-802 Rights
*Against Individual Defendants*

147.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

148.    The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

149.    The acts of Defendant Officers caused Plaintiff to be deprived of her rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in her person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

150.    The Defendant Officers, while in uniform, unlawfully seized, frisked, and searched the Plaintiff, before detaining plaintiff and further causing her detention for approximately 24 hours in total.

151.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

152.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

153.    By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

<u>**TENTH CAUSE OF ACTION**</u>
**Individual Defendant Officer's Failure to Intervene in Violation of Plaintiff's AC 8-802 Rights**
***Against Individual Defendants***

154.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

155.    The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

156.    Defendant Officers had a duty to protect Plaintiff from violations of her rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in her person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

157.    The Defendants that did not physically touch Plaintiff, but were present when other officers violated Plaintiff's AC 8-802 right against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

-20-

158.    Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of her rights.

159.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

160.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

161.    By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

## ELEVENTH CAUSE OF ACTION
### City-Employer's Liability for Defendant Officer's Violation of Plaintiff's AC 8-802 Rights
### *Against Defendant City*

162.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

163.    Defendant Officers are "covered individuals" as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolmen.

164.    The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

165.    The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

166.    The acts of Defendant Officers caused Plaintiff to be deprived of her rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in

her person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

167.    The Defendant Officers, while in uniform, unlawfully seized, frisked, and searched the Plaintiff, before detaining plaintiff and further causing her detention for approximately 24 hours.

168.    By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

**TWELFTH CAUSE OF ACTION**
**City-Employer's Liability for Defendant Officer's Failure to**
**Intervene in Violation of Plaintiff's AC 8-802 Rights**
***Against Defendant City***

169.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

170.    Defendant Officers are "covered individuals" as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolmen.

171.    The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

172.    The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

173.    Defendant Officers had a duty to protect Plaintiff from violations of her rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in her person, house, papers, and effects against unreasonable searches and seizures, and to be

secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

174.    The Defendants that did not physically touch Plaintiff but were present when other officers violated Plaintiff's AC 8 – 802 rights against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

175.    Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of her rights.

176.    By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical, emotional and psychological injuries and was otherwise damaged and injured.

### THIRTEENTH CAUSE OF ACTION
**False Arrest/False Imprisonment**
***Against All Defendants***

177.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

178.    The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York.

179.    Defendants intended to confine Plaintiff and, in fact confined Plaintiff, and Plaintiff was conscious of the confinement.

180.    Additional, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

181.    As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York and the United States Constitution.

182.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

183.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

184.    As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

### FOURTEENTH CAUSE OF ACTION
**Common Law Malicious Prosecution**
***Against All Defendants***

185.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

186.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under New York State law, the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

187.    Defendants were directly and actively involved in the initiation or prosecution of criminal proceedings against Plaintiff, including by supplying and creating false information to be included in NYPD paper that was in NYPD Paperwork, providing falsely sworn information in accusatory instruments, and/or providing false information to the prosecutor.

188.    Each of the individual defendants, individually and collectively, commenced or continued, or cause the commencement or continuation of, criminal proceedings against Plaintiff and misrepresented and falsified evidence to the prosecutor and/or failed to make

a full statement of relevant evidence – including potentially exculpatory evidence – to the prosecutor.

189.    As Plaintiff had not engaged in any criminal conduct, defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff.

190.    Defendants acted with malice in the absence of probable cause when they initiated criminal proceedings against Plaintiff.

191.    Notwithstanding defendants' misconduct, the criminal proceedings against Plaintiff were terminated in Plaintiffs favor on September 10, 2024.

192.    As a result of defendants' acts and omissions, defendants deprived Plaintiff of their federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damages and injured plaintiff.

193.    The unlawful conduct of the defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

194.    Defendant the City of New York, as an employer of the individual defendants, is responsible for the officer's wrongdoing under the doctrine of *respondeat superior*.

195.    As a result of the foregoing, Plaintiff was deprived of her liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was incarcerated, and had her personal and livelihood destroyed.

### FIFTEENTH CAUSE OF ACTION
**Deprivation of Federal Civil Rights under 42 U.S.C. § 1983**
***Against Individual Defendants***

196.    Plaintiff realleges and incorporates by reference  the allegations set forth in the forgoing paragraphs as if set forth fully herein.

197.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established by the Constitution of the United States.

198.    All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

199.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

200.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

201.    The Defendant Police Officers and defendant City of New York, collectively and individually, while acting under the color of state law, engaged in Constitutionally violative conduct that constitutes a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the constitution of the United States.

202.    As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and loss of wages, and damage to his reputation and standing within his community.

203.    The defendants conduct entitled Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

204.    Plaintiff is similarly entitled to reasonable attorney's fees under 42 U.S.C. § 1988 and applicable federal law.

205.    As a result of defendants' impressible conduct, Plaintiff demands judgment against defendants in a sum of money to be determined at trial.

### SIXTEENTH CAUSE OF ACTION
**Unlawful Stop and Search Under**
**42 U.S.C. § 1983**
***Against Individual Defendants***

206.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

207.    Defendants violated the Fourth and Fourteenth Amendments by their actions of stopping and searching Plaintiff without reasonable suspicion.

208.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### SEVENTEENTH CAUSE OF ACTION
**False Arrest and False Imprisonment Under**
**42 U.S.C. § 1983**
***Against Individual Defendants***

209.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

210.    Defendants violated the Fourth and Fourteenth Amendment to the United States Constitution by wrongfully and illegally arresting, detaining, and imprisoning Plaintiff.

211.    The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiffs consent, and without probable cause or reasonable suspicion.

212.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

**EIGHTEENTH CAUSE OF ACTION**
**Malicious Prosecution Under**
**42 U.S.C. § 1983**
***Against Individual Defendants***

213.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

214.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

215.    Defendants were directly and actively involved in the initiation or prosecution of criminal proceedings against Plaintiff, including by supplying and creating false information to be included in NYPD paper that was in NYPD Paperwork, providing falsely sworn information in accusatory instruments, and/or providing false information to the prosecutor.

216.    Each of the individual defendants, individually and collectively, commenced or continued, or cause the commencement or continuation of, criminal proceedings against Plaintiff and misrepresented and falsified evidence to the prosecutor and/or failed to make a full statement of relevant evidence – including potentially exculpatory evidence – to the prosecutor.

217.    As Plaintiff had not engaged in any criminal conduct, defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff.

218.    Defendants acted with malice in the absence of probable cause when they initiated criminal proceedings against Plaintiff.

219.    Notwithstanding defendants' misconduct, the criminal proceedings against Plaintiff were terminated in Plaintiffs favor on September 10, 2024.

220.    As a result of defendants' acts and omissions, defendants deprived Plaintiff of their federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damages and injured plaintiff.

221.    The unlawful conduct of the defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

222.    As a result of the foregoing, Plaintiff was deprived of her liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was incarcerated, and had her personal and livelihood destroyed.

### NINETEENTHC CAUSE OF ACTION
**Denial of Constitutional Right to Fair Trial Under**
**42 U.S.C. § 1983**
*Against Individual Defendants*

223.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

224.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

225.    Each of the defendants investigated, in their official capacities, the actions underlying the investigation into plaintiff at the scene, Plaintiffs arrest, and Plaintiffs subsequent prosecution.

226.    The individual defendants created false evidence against plaintiff, to wit false police reports, and sworn statements alleging that Plaintiff attempted to grab an NYPD officers service weapon, use it against another individual, and resisted arrest.

227.    Defendant NYPD Officer Campiglia knowingly and intentionally transmitted false information to the Richmond County District Attorney's office by swearing in a criminal complaint that Plaintiff had committed the crime of Attempted Criminal Possession of a Weapon in the Second Degree, and several other related offenses mentioned *Supra* ¶ 66.

228.    Defendants Knowingly and intentionally transmitted false information to the Richmond County District Attorney's office concerning several facts, the most crucial and key underlying fact being that Plaintiff attempted to steal and NYPD officers service weapon from his person.

229.    Defendants knowingly and intentionally failed to convey exculpatory information that was within their possession, and that conclusively established that Plaintiff was innocent in fact of any wrongdoing, despite their actual knowledge of such conclusive and exculpatory information.

230.    The failure to transmit conclusive information and exculpatory information concerning a criminal defendant to the Richmond County District Attorney is likely to influence the decision of any jury weighing the evidence presented in a prosecution of that criminal defendant.

231.    As a result of the foregoing, Plaintiff was deprived of her liberty, was denied fundamental constitutional rights, and was publicly embarrassed and humiliated, was incarcerated, was caused to feel unwell during the arrest processing, and had her personal reputation and livelihood destroyed.

## TWENTIETH CAUSE OF ACTION
### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights: Excessive Force Under 42 U.S.C. § 1983
### *Against Defendant Officer Campiglia*

232.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

233.    The use of excessive force by defendants by, amongst other things, pushing Plaintiff down 10-15 concrete steps and tightly handcuffing her behind her back while visibly injured, constituted objectively unreasonable physical seizure of Plaintiff in violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

234.    The conduct of the defendant directly and proximately caused the Plaintiff to sustain injuries hereinbefore alleged.

## PUNITIVE DAMAGES

235.    Plaintiff realleges and incorporates by reference the allegations set forth in the forgoing paragraphs as if set forth fully herein.

236.    The acts of the defendant officers were willful, wanton, malicious, and oppressive, resulting in grave harm to Plaintiff, as discussed herein.

237.    Such acts shock the conscience and therefore warrant an award of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the defendants on each cause of action in amounts to be determined upon the trial of this action, inclusive of punitive damages and attorney's fees, and inclusive of statutory interest on such damages, costs and fees, and such other relief as is appropriate under the law and that plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42. U.S.C. § 1983, and 1988, and such other further relief as this Court may deem just and appropriate.

Dated:          New York, New York
                September 12, 2025

                                    **SHULMAN & HILL, PLLC**
                                    *Attorneys for Plaintiff*
                                    1 State Street Plaza, 15th Floor
                                    New York, New York 10004


                                    By: *Michael F. Pecorella*
                                    Michael F. Pecorella, Esq